# JACOB ERSTAD v. MARTIN JACOBSON.

(150 N. W. 534.)

**Money — safe-keeping — conversion of — complaint — answer — alleging facts showing off-set — demurrer.**

Plaintiff, who had intrusted certain money to defendant for safe-keeping, to be returned upon demand, brought suit for the conversion thereof. Defendant answered, admitting that he received such money from plaintiff, but denied all the other allegations of the complaint, and alleged that a portion of such money had been repaid to plaintiff and the balance tendered, which tender plaintiff refused. Then follows what is designated a "second and further defense," wherein defendant, after realleging all the prior allegations in the answer, alleges in effect that he notified plaintiff that if he and his family continued to board and room in defendant's home, he would be charged therefor, and the reasonable value thereof would be deducted from the moneys in defendant's hands belonging to plaintiff, and that plaintiff and his family did thereafter continue to board and room with defendant, and that the reasonable value of such board and room was more than the balance of such funds in defendant's custody. A demurrer to such second defense upon the ground that it fails to allege a defense was interposed and overruled. *Held*, that such ruling was not error.

Opinion filed February 9, 1915. Rehearing denied March 15, 1915.

Appeal from District Court, Ward County, *Leighton,* J.

From an order overruling a demurrer to a portion of defendant's answer, plaintiff appeals.

Affirmed.

*W. F. Doherty,* for appellant.

The counterclaim mentioned in the action must be one in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action. (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. Rev. Codes 1905, § 6860; Braithwaite v. Akin, 3 N. D. 373, 56 N. W. 133; Pom. Code Rem. 4th ed. p. 654, note 2.

The plaintiff's action is in tort. The defendant's counterclaim is upon an implied contract. It is not connected with the subject of the

action. It is a matter not allowed as a counterclaim, and the demurrer should have been sustained. Barr v. Post, 56 Neb. 698, 77 N. W. 123; Heckman v. Swartz, 55 Wis. 173, 12 N. W. 439; Ring v. Ogden, 45 Wis. 303; Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858; Simkins v. Columbia & G. R. Co. 20 S. C. 258; Street v. Andrews, 115 N. C. 417, 20 S. E. 450; Bernheimer v. Hartmayer, 50 App. Div. 316, 63 N. Y. Supp. 978; Chandler v. Lazarus, 55 Ark. 312, 18 S. W. 181; Bazemore v. Bridgers, 105 N. C. 191, 10 S. E. 888; Marks v. Tompkins, 7 Utah, 421, 27 Pac. 6.

In an action for conversion of plaintiff's property stored with defendant, a demand for storage charges due prior to the alleged conversion does not arise out of the same transaction, and is not a proper counterclaim. Schaeffer v. Empire Lithographing Co. 28 App. Div. 469, 51 N. Y. Supp. 104.

In an action by a lessee for conversion by the lessor of hay and grain, a counterclaim for plaintiff's breach of the conditions of the lease under which they were grown was not allowed. Adams v. Loomis, 4 Silv. Sup. Ct. 558, 8 N. Y. Supp. 17.

Defendant under a power of attorney collected money belonging to plaintiff, and plaintiff brought action to recover. Such action was *ex delicto,* and a contract connected therewith could not be counterclaimed. Reichmann v. Nelson, 13 Misc. 502, 34 N. Y. Supp. 953.

The counterclaim must grow out of the original transaction, or be connected therewith. Barker v. Platt, 15 N. Y. Civ. Proc. Rep. 52, 1 N. Y. Supp. 416; Chambers v. Lewis, 11 Abb. Pr. 210; Scheunert v. Kaehler, 23 Wis. 523.

*Halvorson & Wysong,* for respondent.

Where the complaint does not state facts sufficient to constitute a cause of action, such insufficiency can be raised at any time, or in any way, by defendant, even after the cause has come before the supreme court on appeal. Rev. Codes 1905, § 6854; Cal. Code, Civ. Proc. § 430; Weinreich v. Johnston, 78 Cal. 254, 20 Pac. 556; Bell v. Thompson, 147 Cal. 689, 82 Pac. 327; Buckman v. Hatch, 139 Cal. 53, 72 Pac. 445.

Our statute provides for a defense or counterclaim. Either may be set forth. The statute is in the disjunctive. Nollman v. Evenson, 5 N. D. 344, 65 N. W. 686.

FISK, Ch. J. This is an appeal from an order overruling a demurrer to a portion of the defendant's answer. The action, as disclosed by the complaint, is in tort to recover damages for the alleged conversion of $200 in money which plaintiff alleges that he delivered to the defendant on November 21, 1912, for safe-keeping, upon defendant's promise to return the same to plaintiff upon demand. The plaintiff alleges that on or about March 1, 1913, he demanded of the defendant the return thereof, which demand was refused. He also alleges that at divers times since said last-mentioned date he demanded a return of such money from defendant, which demands were refused. The fifth and last paragraph of the complaint alleges "that the defendant unlawfully took and converted the said $200 to his own use, to the damage of the plaintiff in the sum of $200; that this action is in tort."

To such complaint defendant answered as follows:

"I. Admits the receipt of $200 from and of the plaintiff on or about the 21st day of November, 1912, and, except as hereinafter qualified, admitted, or otherwise explained, denies each and every matter, allegation, and thing in said complaint contained.

"II. Alleges that at various dates since said 21st day of November, 1912, and prior to the 18th day of March, 1913, the defendant paid back to the plaintiff, at plaintiff's instance and request, various sums of the total aggregate sum of $78, for and on account of said $200 aforesaid, and at that time tendered to plaintiff the balance of said sum, to wit, the sum of $122, and that the plaintiff refused to accept the same.

"For a second and further defense:

"1. Defendant realleges and restates each and every allegation, matter and thing hereinbefore contained.

"2. Alleges that on or about the 18th day of March, 1913, the plaintiff, who had heretofore been in the employ of this defendant, quit his said employment, and with himself and family, consisting of a wife and three children, continued to board and room with this defendant; that this defendant at that time notified the plaintiff that in the event he continued to board and room with defendant, with himself and family, he would be charged the reasonable value of said room and board for himself, wife, and three children, and that said amount would be deducted from the residue of said money in the possession of this defend-

ant as hereinbefore set forth; that the said wife and children of this plaintiff did so board and room with this defendant from the 18th day of March, 1913, until the 12th day of April, 1913, inclusive, and that the plaintiff herein boarded and roomed, with this defendant from said 18th day of March, 1913, until the 1st day of May, 1913, inclusive, and that said board and room, as aforesaid, is of the value of $140, and that no part thereof has ever been paid except the application of the balance of the $200 left with this defendant, being the sum of $122, and that there is due and owing to the defendant by reason thereof the further sum of $18.

"Wherefore, the defendant demands judgment against the plaintiff in the sum of eighteen and no/100 dollars ($18), with interest thereon at 7 per cent per annum from and after the 1st day of May, 1913, together with his costs and disbursements in this action."

To such answer plaintiff served a pleading which he styles a reply, but which is somewhat of an anomaly, as it assumes to be an answer to certain portions of the defendant's answer consisting of new matter by way of defense only, coupled with a sort of combination of both a reply and a demurrer to defendant's so-called "second and further defense." We quote the following from such pleading:

"That the plaintiff for a reply to that part of the defendant's answer denominated by the defendant 'a second and further defense,' and to the defendant's counterclaim, alleges:

"I. That the plaintiff demurs to the second defense and counterclaim stated in the defendant's answer herein, on the grounds that on the face thereof the said answer does not state facts sufficient to constitute a defense.

II. That the plaintiff demurs to the second defense and counterclaim stated in the defendant's answer herein, on the grounds that on the face thereof, the said answer does not state facts sufficient to constitute a counterclaim."

The sole question for determination on this appeal is whether the trial court erred in overruling the above-quoted portion of plaintiff's so-called reply, but which is in effect a demurrer. We have reached the conclusion that the same was properly overruled. The pleadings on both sides are very inartistically drawn, but as we construe the portion of the answer thus challenged, we think it states a sufficient de-

fense to the plaintiff's cause of action, conceding that the complaint properly alleges a conversion by defendant of the plaintiff's money. Such answer, if true, shows that no such alleged conversion took place, for it alleges that between November 21, 1912, the date such money was intrusted for safe-keeping with defendant, and March 18, 1913, the defendant, at plaintiff's instance and request, returned to him various sums aggregating $78, and tendered the balance, $122, to the plaintiff, which tender was refused. Such answer also alleges that on or about March 18, 1913, defendant notified plaintiff that if he and his family, who had theretofore lived with the defendant, continued to board and room with him, he, the plaintiff, would be charged with the reasonable value of their board and room, and that such reasonable value thereof would be deducted from the residue of said money in defendant's possession; and it is further alleged that, notwithstanding such notice, the plaintiff and his wife and children continued thereafter to room and board at defendant's home for a considerable period of time, and that the reasonable value thereof was $140, which entirely exhausted the balance of the fund thus in defendant's hands belonging to the plaintiff, and left a balance of $18 in defendant's favor, for which he demanded an affirmative judgment. While such answer does not allege an express consent on plaintiff's part to the terms of such notice, we think the fair inference, in the absence of anything to the contrary, is that he agreed thereto by thereafter continuing to remain with his family in defendant's home, receiving room and board. This being true, no conversion of such money took place as alleged in the complaint; or, if such conversion had taken place prior thereto, it was waived by such implied agreement. If the demurrer had been aimed merely at that portion of the answer wherein the defendant seeks an affirmative recovery for the sum of $18, our decision might have been different.

The order appealed from is affirmed.